GEORGE ROGERS ET AL. v. STATE OF OHIO.

1. STATE MAY IMPEACH REPUTATION OF PHYSICIAN ISSUING PRESCRIPTION FOR INTOXICATING LIQUORS.

   Evidence by the state impeaching the reputation of a physician issuing prescriptions for intoxicating liquors is admissible in a prosecution for keeping a place contrary to law as showing their source, acceptance and filling in good faith by the seller and filing in good faith by the purchaser; otherwise proof of sales upon prescription might raise the presumption that sales were made in good faith.

2. STIPULATION IN CRIMINAL PROSECUTION TO TRY SEVERAL DEFENDANTS CHARGED WITH COMMISSION OF SEVERAL OFFENSES AT ONCE HELD VALID.

   A stipulation by counsel in a prosecution for several offenses against several defendants, for unlawful sales of intoxicating liquors, admitting all the testimony in one trial concerning all the offenses charged but providing that "only such evidence as may be pertinent against the defendant shall be considered in each case, and evidence relevant to the other defendants shall not be regarded," is entirely proper and clearly within the province of counsel to make, and a several and separate conviction of each of the persons accused upon the several charges will

Wood County.

be deemed on review to rest upon the evidence adduced and properly applied to each particular case.

3. PRESUMPTION OF REGULARITY AND CORRECTNESS OF JUDGMENT.

In reviewing court, every presumption obtains in favor of the correctness and regularity of the judgment of the trial court.

4. PLEA IN ABATEMENT OVERRULED.

A plea in abatement, setting up matter which should only be offered in support of a plea of not guilty is properly overruled.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Benjamin F. James,* for plaintiffs in error:

Cited and commented upon by the following authorities: *State* v. *Simmons,* 49 Ohio St. 305 [31 N. E. Rep. 34]; *State* v. *Wing,* 66 Ohio St. 415 [64 N. E. Rep. 514]; *State* v. *Thatcher,* 12 Dec. 718; *Cantwell* v. *State,* 18 Ohio St. 477; *Doyle* v. *State,* 17 Ohio 225; *Williams* v. *State,* 12 Ohio St. 622; *Goodin* v. *State,* 16 Ohio St. 345; 14 Cyc. 298; 2 Tidd, Practice 1109; *Bean* v. *Ayers,* 70 Me. 421; *Cook Carriage Co.* v. *Johnson,* 23 Bull. 374; *Cincinnati St. Ry.* v. *Wright,* 54 Ohio St. 181 [43 N. E. Rep. 688; 32 L. R. A. 340]; *Estabrook* v. *Gebhart,* 32 Ohio St. 415; 3 Cyc. 50, 52, 57, 73; *Tanner* v. *Brown,* 5 Dec. Re. 112 (2 Am. L. Rec. 614); *Driver* v. *Driver,* 153 Ind. 88 [54 N. E. Rep. 389]; *Ross* v. *Railway,* 141 Mo. 390 [38 S. W. Rep. 926; 42 S. W. Rep. 957]; *Bank of Kingfisher* v. *Smith,* 2 Okl. 6 [35 Pac. Rep. 955]; *Pollard* v. *Rutter,* 35 Ill. App. 370; *Myers* v. *Phillips,* 68 Ill. 269; *Heinsen* v. *Lamb,* 117 Ill. 549 [7 N. E. Rep. 75]; *Shepard* v. *Hull,* 42 Me. 577; *True* v. *Plumley,* 36 Me. 466; *Crane* v. *Judge of Wayne Circuit,* 24 Mich. 513; *Sedam* v. *Meeksback,* 3 Circ. Dec. 424 (6 R. 219); *Reed* v. *Miller,* 4 Ky. (1 Bibb) 142; *Anthony* v. *Travis,* 148 Mass. 53 [19 N. E. Rep. 8]; *Burlington, K. & S. W. Ry.* v. *Grimes,* 38 Kan. 241 [16 Pac. Rep. 472]; *Barnhart* v. *Clark,* 59 Tex. 552; *Witbeck* v. *Waine,* 8 How. Pr. (N. Y.) 433; *Rew* v. *Barker,* 2 Cow. 408 (N. Y.) 515 [14 Am. Dec. 515]; *Hodges* v. *Lassiter,* 94 N. C. 294; *Peebles* v. *Braswell,* 107 N. C. 68 [12 S. E. Rep. 44]; *State* v. *Powers,* 69 Minn. 429 [72 N. W. Rep. 705]; *Riverside Rub-*

*ber Co.* v. *Manufacturing Co.* 63 Ohio St. 66 [57 N. E. Rep. 958]

*William Dunipace*, Pros. Atty., *N. R. Harrington* and *C. S. Hatfield*, for defendant in error.

KINKADE, J.   (Orally.)

In the case of George Rogers et al., plaintiffs in error, against the State of Ohio, there appear to be ten separate cases, Nos. 910, 911, 912, 913, 914, 915, 916, 917, 918, 919, 920 and 921, considered.

These prosecutions were all instituted in the probate court of Wood county and a conviction resulted in the trial in each case, and a penalty imposed.

The cases were carried on error to the court of common pleas, and the court of common pleas reversed five cases on which the prosecution had been sustained for "keeping a place."

The defendants below are here in five of the cases that were affirmed below to reverse the action of the court of common pleas, and the state of Ohio is here upon a petition in error in the other five cases to reverse the court of common pleas.

It is stated by counsel for the Rogers, first, that they were entitled to a jury, but under the statute we think this claim can not be sustained, second, it is said that the motion to quash was incorrectly overruled. We think that the action of the court was correct in this regard, and in it we see no error, third, it is said that the court was in error in overruling the demurrer. This action of the court we regard as correct, fourth, it is said that the court was wrong in overruling the plea in abatement. We have examined the plea in abatement with care, and in our judgment it is not a plea in abatement, but it is a matter which might be given in a plea of not guilty, and furthermore, the matter set up in the plea in abatement we think does not constitute a defense to the prosecution, and therefore we find no error in the action of the court in overruling the plea in abatement, fifth, it is stated there was error in the court admitting evidence over the objection of the defendants, and that this

Wood County.

was found to be true by the judge of the common pleas court in the five cases that he reversed, sixth, it is stated if the court of common pleas was correct in finding there were no sales, it must naturally follow he was wrong in the other cases because if there were no sales, defendants could not be found guilty of keeping a place. We think this does not result at all. We do not see that the common pleas court found there were no sales. The court found there was error in a case in which the state sought a conviction for making sales, that's all, and we think this point is not well taken in the case.

Attention is called to the stipulation found on page twenty-five of the record, and it is said that even if the scope contended for by this stipulation by counsel for state be admitted, still it could not avail here, for although made by counsel it was a stipulation which counsel could not make in a case of this character. We dispose of that by saying that in this character of case we see no objection at all to counsel making a stipulation of this kind. Furthermore, we think the stipulation was entirely proper. Ten cases were to be heard. It could avail the defendants nothing to insist on putting in the same evidence in ten different cases. It would have multiplied the cost of taking the evidence by ten, and it was in the interest of the defendants that the stipulation should be made by their counsel that was made, an entirely proper thing to do, and we think it clearly within the power of counsel to make that sort of a stipulation.

It is said there was error in receiving information as to the reputation of a certain physician. Passing the question now as to the character of some of the evidence received, it may be said there was no error in receiving competent evidence as to the reputation of a physician, because the statute provides there shall be no liability when they sell in good faith upon the prescription of a reputable physician.

The state claims that inasmuch as they were obliged to prove that the sales were in fact made upon prescription that they were entitled to prove also, and it was the state's duty to prove that the prescriptions were not from a reputable source.

Rogers v. State.

That they were neither given nor acted upon in good faith because if the state should not offer this evidence, the presumption would at once arise that the sales had been made in good faith, and as a consequence the state would prove itself out of court.

We think the position of the state was entirely correct and it was competent that the state prove the reputation of the physician issuing this prescription and also upon the question as to whether they were accepted and filled in good faith, and whether they were filed in good faith by the purchaser. We find no prejudicial error in the evidence admitted in this regard.

It is said that the fines imposed are excessive. The fines were within the terms of the statute and we see no reason why this court should disturb them.

This reviews the principal questions which were considered by the court of common pleas in reversing the five cases that it did reverse. As has been stated, there were ten cases on trial, some relating to one defendant, some to two, and some to three, and after the case had progressed to a given point, a stipulation was entered into. It is stated here by counsel for defendants that this stipulation was limited in character, and he seeks to have assigned to him only the portion of the stipulation which appears in the main sheet of the bill of exceptions, and to repudiate that which appears on the slip attached. It is impossible for us to tell just what, and all that was said at the time this stipulation was made, and we think it is not material. The probate court has found that the stipulation was entered into and that the cases proceeded under that stipulation. Now of necessity when that stipulation was entered into and the cases proceeded, there being three different defendants and the defendants being liable for different sales at different times and under different circumstances, there would be evidence in the cases thus offered that would apply to one of the defendants and not to the others, or to two of the defendants and not to the other. It is improbable that you could have ten cases presented under this form of stipulation and not have that condition arise, and it is apparent to us that this stipulation was intended by the parties to provide just as it states, viz:

"that the object of this is to avoid the taking of testimony in all the cases and only such testimony as may be pertinent against the defendant shall be considered in each case, and the evidence relevant to the other defendants will not be regarded," and we must assume that the court in passing upon all the evidence that was offered in one batch like this, excluded the evidence that was not competent and pertinent to any one defendant whose case he was at the time considering, and that he considered only the evidence that related to that defendant's case at that time.

The common pleas court in its opinion, pointed out many embarrassments that would necessarily come to the trial court in carrying out this plan of trial and we think all that he has enumerated would come to him and we might name others, but the difficulty with it all is that the parties placed themselves before the court in this manner and they thereby imposed upon the trial court the duty and authority to thus discriminate, sift, consider and apply this evidence, and the trial court did so consider it and reached the conclusion he did.

The court of common pleas seems to think that the difficulty the probate court would have, would be that it would be almost impossible to separate this evidence so as not to do injustice to some of the parties, but it does not impress us that his difficulty would go that far. It seems to us that the record might be read and the parts that relate to the other defendants excluded, and as I said, it must be presumed that he did that. We think if it had been submitted to this court, we could have done that.

It has been said that there have been a number of sales proven here. Counsel are familiar with the law of Ohio in that regard. The charge in the information is not a specific sale upon a specific day; it is a specific sale on or about a given date, and under that form of charge in the cases cited by counsel for the defendants in *Boyd* v. *Watt*, 27 Ohio St. 259, and *Koch* v. *State*, 32 Ohio St. 353, it is clear that the state had a right to prove other sales; had a motion been made at the close of the evidence as stated by Judge Baldwin in his opinion, the

Rogers v. State.

state would have been obliged to elect upon which specific sale they would have relied for conviction, but it seems no such motion was made, and for that reason the cases were disposed of without any election.

There is another matter that we think may not have received perhaps as full consideration as it should have received at the hands of the common pleas court in reaching the conclusion he did reach and that is this: There is no statement in any of these bills of exceptions that they contain all the evidence. Counsel don't contend that there is any such statement (In this connection I call attention to the fact that while these bills of exceptions are intended evidently to be duplicates and in general are duplicates all the way through, some slight variation exists notwithstanding, as we find page thirty-one of the bill of exceptions is missing from cases Nos. 910, 911, 917 and 918). The certificates being omitted that they contain all the evidence, it may be said that much of the evidence in the case that is said by the court of common pleas to have been incompetent, might have been competent for ought we know, not having all the evidence before us. Near the close of the bill it is stated "that thereupon the plaintiff rested" but it is not stated that the evidence produced is all the evidence that was put in. It is stated that the defendants rested, but it is not stated that the defendants put in no evidence. It is stated that the defendants made offer to put in further and other evidence which was denied them, and to which denial, exception was taken.

Counsel are entirely familiar with the rule that every presumption obtains in favor of the correctness of the judgment that has been entered by the probate court, and as I say, there may, have been evidence in the case that made much of this evidence entirely competent. For instance, suppose the defendants in the case had testified, and suppose they had admitted the different sales. Suppose that Carmack had testified and had not only admitted the selling but had admitted other sales, being a clerk of the Rogers Brothers—we are not saying that there was any presumption that he did so testify, but we say that

Wood County.

every presumption obtains in favor of the regularity of the judgment, and it may be that much of the evidence that was held by the court of common pleas to be incompetent was made competent by something else that was said.

Suppose a bill of exceptions contained evidence of several witnesses testifying for the purpose of impeaching the reputation for truth and veracity of a defendant in a case, and the bill did not show whether it contained all the evidence, the court would be bound to presume that the evidence was competent. It would be wholly incompetent if the defendant had not testified, or if any witness whose reputation for truth and veracity was thus attacked had not testified. The reviewing court would not be justified in saying that this evidence was not competent because the party attacked had not testified where the bill of exceptions is silent as to whether he did or did not testify.

We mention this as an additional reason why we are not able to reach the conclusion which the court of common pleas did in saying that some of the evidence that was offered in the five cases for selling, was incompetent.

We think that the stipulation should have been given a wider scope than was given by the court of common pleas. The stipulation, taken in connection with the absence of the certificate that the bill contained all the evidence leaves the case in such a form as that we cannot concur in the conclusions reached by the court of common pleas, and for that reason we are obliged to reverse the court of common pleas as to the five cases for selling, and affirm the judgment as to the others.

**Wildman** and **Richards, JJ.,** concur.